UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
MAR 18 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Maria Lurdes Prior Pereira, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11 0568 |
| ) | |
| Department of Treasury, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a District of Columbia resident, sues the Department of Treasury for $50 billion in damages. She seems to claim that the Department is corrupt and unprofessional because it allegedly "dismissed a case filed at taxation court against Bessemer Trust Company and [New] York Mayor [] Michael Bloomberg." Compl. at 1. However, plaintiff attaches a letter from Counsel for the Internal Revenue Service that states that the United States Tax Court dismissed her case for lack of jurisdiction. Compl. Attach. "The United States Courts of Appeals . . . have exclusive jurisdiction to review the decision of the Tax Court . . . ," 26 U.S.C. § 7482(a)(1), but it is not clear from the complaint that plaintiff is seeking to appeal that decision. The complaint simply fails to provide any notice of a claim and a basis for this Court's jurisdiction. A separate order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: March __14__, 2011